Chouteau et al. vs. Hooe et ux.

CHOUTEAU, Jr., and others, vs. HOOE *et ux*, Exrs.

1. JUDGMENT — EXECUTORS, ETC. In an action against executors or administrators for a debt of their testator or intestate, in which they suffer judgment by default, it is error to render a judgment in the alternative, that if it is not levied out of assets, etc., then that it be levied out of their own proper goods, etc.; suffering judgment by default not being an admission of assets.

2. RECORDS OF COURT. There is no law requiring the records of the district court to be made out at length and signed by the judges before the close of the term.

3. POWER OF COURT TO CORRECT ERRORS. The district court has power to correct an erroneous award or entry of judgment at any time within one year after its rendition, irrespective of the number of terms which may have elapsed.

4. MOTIONS USED IN PLACE OF WRIT OF ERROR CORAM NOBIS. Motions in many respects have become, in practice, substitutes for writs of error *coram nobis*, and the court can on motion, correct the mistakes of the clerk.

5. EXECUTION. Where an execution has been returned and become *functus officio*, there is no necessity for moving to quash it, and a motion for that purpose will be denied.

ERROR to the District Court for *Crawford* County.

There were cross writs of error brought to reverse certain decisions of the district court for Crawford county.

*Pierre Chouteau, Jr.,* `John B. Sarpy, John F. A. Sanford, Pierre Menard, Felix Valle* and *Joseph A. Sire,* partners, under the name of *Chouteau & Co.,* brought an action against Joseph Rolette, the testator, in his life-time, and which was pending at the time of his death. After Mrs. *Hooe,* his executrix, had qualified, a citation was issued requiring her and her husband to take upon themselves the defense of the suit, and in obedience to the rule, they appeared in the action, and a rule was entered requiring them to plead to the action by a given time, and their default for want of a plea was entered, and a writ of inquiry was awarded, but it was set aside by agreement, and the damages were by consent, assessed by the court, amounting to $5,474.50, for which sum final judgment was rendered near the close of the term, but it was not written out and extended on the record book and signed by the judge. The clerk in extending and recording the judgment, entered it as a judgment, to be levied of the assets of the testator, Rolette, in the hands of the defendants, to be administered if any were found, and if not, then to be levied on the proper goods and chattels, lands, etc., of the defendants.

October 23, 1844, an execution was issued against the assets of the testator in the hands of the defendants, on which the sheriff returned *nulla bona* and a *devastavit.* July 21, 1845, an execution against the proper goods and chattels, etc., of the defendants was issued. At the October term, 1845, the defendants moved the court to amend the record of the judgment, and to quash the executions issued thereon, upon which motion the court ordered that part of the judgment containing the alternative judgment *de bonis propriis* to be expunged, and quashed the second execution, but refused to quash the first. Subsequently, and at the same term, the defendants moved the court for a rule upon the sheriff to amend his return upon the first execution, according to the facts attending the levy and return of said execution, and the court ordered that the sheriff have leave to amend his re-

turn. The plaintiffs excepted to the ruling of the court amending the judgment and quashing the second execution. The defendants excepted to the refusal of the court to quash the first execution.

*T. P. Burnett*, for *Chouteau & Co.*

*F. J. Dunn*, for *Hooe* and *wife.*

MILLER, J. The plaintiffs sued the defendants in assumpsit in the district court for Crawford county. At the October term of said court for the year 1844, judgment was ordered for the plaintiffs by default of defendants, after an assessment of damages, but the clerk did not extend the order of such judgment in full on the record book of said court until after the adjournment of the term. When the clerk made up the record of said judgment, he recorded at length a judgment *de bonis testatoris et si non de bonis propriis.* Afterward a writ of *fieri facias de bonis testatoris* was issued, and returned *nulla bona* and *devastavit.* Then a *fi. fa. de bonis propriis* was issued, returnable to the October term of said court for the year 1845. At this term a motion was made to the court to vacate the alternative clause of the judgment, and to quash the two writs of *fieri facias.* The court did vacate said alternative part of said judgment, thereby leaving it a judgment *de bonis testatoris,* and did quash the last mentioned writ of *fieri facias,* and overruled the motion as to the first. On motion of the defendants, the sheriff at the same time had leave to amend his return to the first writ of *fieri facias* so as to strike out that part relating to the *devastavit.*

The plaintiffs assign for error the orders of the court amending the record of the judgment, and quashing the said second writ of *fieri facias.*

The alternative part of the entry of the judgment is not according to correct practice under our statute. Sections 106 and 107 of our statute, on page 212 of the Revised Statutes, are copied from the Revised Statutes of New York, where it is decided that a judgment by de-

fault against executors or administrators is not an admission of assets. *Butler v. Hempstead's Admrs.*, 18 Wend. 666.

We have no law requiring the judge of the district court to have the records made out at length, and to attach his signature thereto, before the final adjournment of the term. If the extent of the business is such as to admit of it, there would be a propriety in it, but the records and proceedings of the court are just as valid without it. But if such were the rule, either by statute or the rules of court, it would be deemed merely directory, not in the least affecting the rights of parties. *Astor and others v. Grignon and others, ante,* and affirmed by the supreme court of the United States, is a case in point.

The court had the power to correct this error, even at the third term or one year after the rendition of the judgment. In the case of *Matheson's Administrators v. Grant's Administrators,* 2 How. 263, the following proceedings of the circuit court were affirmed. A general verdict was given, and the judgment arrested on account of the misjoinder of counts. Afterward, and before a writ of error was brought, a motion was made by the plaintiff to set aside the order arresting the judgment, and for leave to enter a *nolle prosequi* upon the second count. An affidavit was filed by the plaintiff's counsel, stating that the only evidence offered on the trial was on the part of the plaintiff, and that the defendant offered no evidence whatever. The nature of the evidence was also stated, and the facts stated in the affidavit were not contradicted. The circuit court set aside the order arresting the judgment a year after it was made, and allowed the verdict to be amended by entering the same *nunc pro tunc* on the first count only. In England, if the judgment be entered *de bonis propriis* instead of *de bonis testatoris si, etc.,* it is considered as a mere clerical mistake, which the court below will amend on motion, even after the record has been removed by writ of error, and argument in the court of errors. *Short v. Coffin's*

*Executor*, 5 Burr. 2730 ; 1 Saund. 335, note 10. Motions are substitutes for writs of error *coram nobis* in many respects. The court can correct mistakes of the clerk upon motion.

It was the duty of the court to quash the writ of *fieri facias de bonis propriis*, after amending the judgment, and the amendment of the return to the first writ of *fieri facias* by the sheriff being allowed. These two orders of the court were just such as this court would have directed to be done upon writ of error, and as that court had the power to act therein, this court cannot be expected to do otherwise than to affirm the orders here complained of.

The defendants have assigned for error the refusal of the court to quash the writ of *fieri facias de bonis testatoris*. Although we do not concede that this is the subject of a writ of error for not being a final judgment in the cause, and resting in discretion as a matter of practice ; yet we have taken the point into consideration, and determine that there was no error therein. The sheriff having returned the writ, there was no necessity for a motion to quash ; the writ having become *functus officio*, and remaining on file in court.

Let the judgment of the district court be affirmed.